```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
    LUIS MERCEDES,                                          :
                                    Plaintiff,              :
                    -against-                               :      23 Civ. 6224 (LGS)
                                                            :
    SAMPLES FROM MARS, LLC,                                 :            ORDER
                                    Defendant.              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the scheduling order in this case was filed on August 31, 2023, and set a fact discovery deadline of January 4, 2024, and expert discovery deadline of February 20, 2024. The order required the parties to file a joint status letters on November 3, 2023, and January 18, 2024. The order scheduled a pre-motion conference for March 13, 2024, and directed the parties to file any pre-motion letters at least two weeks before the conference. The order states, "If no pre-motion letter is timely filed, this conference will be canceled, and the matter placed on the Court's trial-ready calendar."

WHEREAS, the parties failed to file a timely status letter on November 3, 2023, as required. An order filed November 7, 2023, ordered the parties to file the letter as soon as possible and no later than November 10, 2023. The parties filed the required letter on November 10, 2023. In response the Court replied to the letter on November 13, 2023, stating that participation in mediation does not provide cause to stay discovery and that the Court does not extend the deadlines for fact and expert discovery absent compelling circumstances.

WHEREAS, on January 23, 2024, Plaintiff filed a motion to extend the time to complete discovery due to Defendant's default. On January 26, 2024, the motion was denied as untimely, as fact discovery was to have been completed by February 4, 2024, and Defendant had not answered or otherwise participated in the litigation or the two scheduled mediations. Plaintiff

was ordered to begin default judgment proceedings or dismiss the case, and was warned that failure to do so would result in dismissal.  Defendant filed an Answer on January 29, 2024.  In response to a court order, Defendant filed a letter on February 1, 2024, explaining that no answer had been filed because of "pure oversight" on the part of defense counsel and asking that default not be entered.

WHEREAS, an Order dated February 6, 2024, accepted Defendant's answer and directed the parties to and file a letter by February 9, 2024, with dates certain for each item of outstanding discovery to be completed by March 8, 2024, and other information.  The parties did not timely file the ordered letter and instead filed a letter on February 14, 2024, that did not comply with the February 6, 2024, Order.

WHEREAS, an Order filed February 15, 2024, directed the parties to file the letter with the required information by February 20, 2024, and threatening sanctions for continued non-compliance with Court orders.  On February 20, 2024, the parties filed a letter reflecting the parties' agreement for Plaintiff to respond to Defendant's discovery demands on February  22, 2024, and for Plaintiff to be deposed on March 1, 2024, and Defendant to be deposed on March 6, 2024.  The parties did not request any extension of expert discovery.

WHEREAS, the parties never filed the joint status letter required on January 18, 2024, and did not file pre-motion letters by February 28, 2024, nor did they seek an extension of time to do so.

WHEREAS, on March 11, 2024, the parties filed a letter requesting an untimely extension of the February 20, 2024, expert discovery deadline to May 31, 2024, without any justification, much less "compelling circumstances," and requesting adjournment of the March 13, 2024, conference.

WHEREAS, the parties in this action have not been diligent and repeatedly have failed to comply with Court deadlines.  Any further lack of diligence or failure to comply with Court orders will result in sanctions, including in the case of Plaintiff, possible dismissal of the Complaint; and in the case of Defendant possible striking of the Answer and default judgment.  It is hereby

**ORDERED** that the document production and depositions shall take place no later than the dates set forth in the joint letter filed February 20, 2024.  It is further

**ORDERED** that the parties' request for an extension of expert discovery is **DENIED** in part and **GRANTED** in part.  Plaintiff's expert disclosures shall be served by **March 27, 2024**.  Defendant's expert disclosures shall be served by **April 10, 2024**.  The parties may take expert depositions at any mutually convenient time before trial or not at all.  An Amended Case Management Plan will issue separately.  The parties shall file a status letter that complies with the Court's Individual Rules on **April 11, 2024**.  There will be no further amendment to the discovery schedule.  It is further

**ORDERED** that the parties' request to adjourn the March 13, 2024, pre-motion conference is **DENIED** and the conference is **CANCELLED**, as the parties have waived their rights to file dispositive motions.

**ORDERED** that this action is now in third place on the Court's July 8, 2024, trial-ready calendar.  The jury trial will begin on **Monday, July 8, 2024, at 9:45 A.M.** or the Court's first available date thereafter.  It is further

**ORDERED** that the parties shall be ready to proceed on 24 hours' notice on or after July 8, 2024.  It is further

**ORDERED** that in accordance with and as further provided in the Court's Individual

Trial Rules and Procedures:

(1) Any motions *in limine* shall be filed by **May 8, 2024**.  Responses to the motions shall be filed by **May 21, 2024**.  No reply shall be filed.  The parties shall follow the Court's Individual Rules regarding such motions.

(2) Joint requests to charge, *voir dire*, verdict form and any memorandum of law, as provided in the Court's Individual Rules, shall be filed by **June 3, 2024**.

(3) The final pretrial order shall be filed by **June 10, 2024**.

(4) The parties shall appear for a final pretrial conference at a date to be scheduled closer to trial.

(5) The trial date and pre-trial submission dates will not be extended.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 33.

\* \* \* \*

The parties are encouraged to:

(1) Contact Courtroom Deputy James Street at (212) 805-4553 closer to the trial date if they wish to know where they stand on this list.

(2) Confer and consent to a trial before a Magistrate Judge (per the attached form) if they wish to have a trial date certain or if they wish a different trial date.  If a Magistrate Judge has overseen settlement discussions, the parties may request a different Magistrate Judge (to be randomly selected) as the trial judge.

Dated: March 13, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

AO 85 (Rev. 02/17) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| _____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| _____ ) | |
| *Defendant* ) | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____     _____
*District Judge's signature*

     _____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.